1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11    LEOBARDO CHAVEZ                    Case No. 2:24-cv-00066-KK-PD
      BARRIENTOS,
12
                        Petitioner,      **ORDER DISMISSING**
13                                       **PETITION WITHOUT**
           v.                            **PREJUDICE AS MOOT**
14
      WARDEN F.C.C. LOMPOC, ET AL.,
15
                        Respondents.
16

17

18        On January 2, 2024, Leobardo Chavez Barrientos ("Petitioner"),

19    proceeding pro se and at that time incarcerated at the Federal Correctional

20    Institution in Lompoc, California ("FCI-Lompoc"), filed a petition pursuant to

21    28 U.S.C. § 2241 claiming that the Bureau of Prison's ("BOP") unlawfully

22    refused to apply First Step Act ("FSA") credits to his sentence.  [Dkt. No. 1.]

23    Petitioner contends that his immigration status is unclear, he lawfully

24    entered the United States on September 4, 2015, he is subject only to an

25    immigration detainer, not a final order of removal, and the BOP improperly

26    refused to apply his FSA credits.[1] [Id. at 8.]  The government filed a motion to

27    _____

28    [1] Petitioner filed  a separate action  in this district regarding the denial of his
      citizenship claim.  See Leobardo Chavez Barrientos v. Department of Homeland

dismiss, Petitioner filed an opposition, the government replied, and Petitioner filed a response to the reply.  [Dkt. Nos. 10, 15, 16, 17.]

Petitioner was released from the BOP on August 9, 2024.  *See* Fed. R. Evid. 201; Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Sept. 3, 2024); Fed. R. Evid. 201.  On August 7, 2024, Petitioner filed a Notice of Change of Address providing his new, noncustodial address.  [Dkt. No. 18.]

## I.   Petitioner's Claim is Moot

Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies."  Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citations omitted); see also Deakins v. Monaghan, 484 U.S. 193, 199 (1988) ("Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants.").  An actual case or controversy exists when, throughout the litigation, a petitioner continues to have a "personal stake in the outcome" of the lawsuit and suffers some actual injury that is likely to be "redressed by a favorable judicial decision."  Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citations omitted).  When, because of events that occur after a case is initiated, a court cannot give any effectual relief in favor of the petitioner, the proceeding becomes moot. Calderon v. Moore, 518 U.S. 149, 150 (1996) (citation omitted).  Since mootness is a jurisdictional bar, moot petitions should be dismissed.  Kittel, 620 F.3d at 951–52.

Petitioner requests his release based on credits he alleges he earned under the FSA.  [*See* Dkt. No. 1.]  While release from detention does not

---

Security, et al., 2:24-cv-04391-KK-PD.  An Order Transferring Petition to the Ninth Circuit for Initial Review Pursuant to 8 U.S.C. § 1252(b)(5) was issued on June 28, 2024.  [Dkt. No. 8.]  The petition for review and motion to stay removal are pending in the Ninth Circuit, which issued a briefing schedule on August 19, 2024.  See Leobardo Chavez Barrientos v. Merrick B. Garland, No. 24-4238.

necessarily moot a habeas petition, the petition "is generally rendered moot" if it is the only relief requested.  Salazar v. United States, 2023 WL 2993031, at *1 (C.D. Cal. Mar. 2, 2023) (citing Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, [petitioner] has requested only release from custody. Because he has been released, there is no further relief we can provide.").  Petitioner was released on August 9, 2024; consequently, there is no further relief that this Court can provide.  See Pierce v. Thomas, 400 F. App'x 259,  at *1 (9th Cir. Oct. 21, 2010) ("Like the district court, we conclude that because [petitioner] was already transferred to a residential reentry center…his claim is moot. Indeed, at this point [petitioner] is out of the custody of the Bureau of Prisons altogether.").

There is an exception to the mootness doctrine for cases that are "capable of repetition, yet evading review."  Spencer, 523 U.S. at 17. However, this exception is limited to extraordinary cases where (1) the duration of the challenged action is too short to allow for full litigation before it ends, and (2) there is a reasonable expectation that the petitioner will be subjected to the challenged action again.  Id.

Petitioner has not alleged or shown that there is a reasonable expectation his FSA credits could be miscalculated again.  Moreover, Petitioner has already been released from BOP custody.  As such, the Petition should be dismissed as moot.

## II.    Order

For the reasons set forth above, this action is dismissed without prejudice as moot.

IT IS SO ORDERED.

DATED:    September 16, 2024

HONORABLE KENLY KIYA KATO
United States District Judge